Lowenthal v. Underdown.

L. LOWENTHAL, JR. *v.* G. K. UNDERDOWN.

(*Knoxville.*  September Term, 1915.)

1. **LICENSES.  Merchants.  Persons liable.  "Solicitor."**
One who merely displays samples and takes orders, which he
forwards to his employer for approval, collecting no money
and delivering no goods, is a mere "solicitor," and not liable for
a merchant's license fee.  (*Post, pp.* 559-561.)

2. **CONSTITUTIONAL LAW.**    Judicial    functions.    Political
questions.
Whether nonresident merchants should be allowed to compete for
local trade by employing solicitors without paying a merchant's
license fee is a political question for the legislature, with which
the courts have no concern.  (*Post, pp.* 559-561.)

FROM McMINN.

Appeal from the Circuit Court of McMinn County.—
SAM. C. BROWN, Judge.

FINLAY, CAMPBELL & COFFEY, for appellants.

FRANK M. THOMPSON, Attorney-General, for appel-
lee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

H. Schwartz & Sons are retail shoe merchants in the
city of Chattanooga.  They sent plaintiff in error to

Athens, in McMinn county, with samples of shoes. Plaintiff in error exhibited these shoes to persons who were not merchants, but merely private individuals or consumers, and took orders addressed to H. Schwartz & Sons. Plaintiff in error sold no shoes, did not undertake to sell any, collected no money, and delivered no shoes. H. Schwartz & Sons accepted these orders, if found satisfactory, and shipped the shoes to the purchasers by express. Plaintiff in error had no other part in the transaction than merely soliciting the orders. Under the course of business H. Schwartz & Sons were at liberty to refuse any orders that did not meet their approval. The defendant in error demanded of plaintiff in error $5.25 as merchant's license. He paid the sum under protest, and sued to recover it back. The trial judge dismissed his suit, and an appeal was then prosecuted to this court.

We think the learned trial judge was in error. Lowenthal was not a merchant, under the facts stated, but a mere solicitor. It is said in an opinion filed in the case by the learned trial judge, as a part of his judgment, that it is unjust to the merchants of Athens that Chattanooga merchants should be permitted to sell within their territory without obtaining a merchant's license, and thus paying taxes similar to those of such merchants of Athens. This is a political question for the consideration of the legislature. Our duty is only to determine whether, under the laws as they now exist, the plaintiff in error is liable to the tax as a merchant. We think it very clear that, under the facts

stated, he was not a merchant. No effort was made to reach H. Schwartz & Sons, or tax them as merchants doing business in Athens; therefore no question arises on that subject in the present case.

On the grounds stated the judgment of the trial court must be reversed, and judgment entered here in favor of the plaintiff for the amount paid, and costs.